IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RONALD WHITAKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 6:23-cv-109 |
| | § | |
| LEBUS INTERNATIONAL, INC. | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## COMPLAINT

Plaintiff, RONALD WHITAKER, files this Complaint and Jury Demand against Defendant LEBUS INTERNATIONAL, INC., alleging willful violation of the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

### I.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff RONALD WHITAKER is a resident of Gregg County, Texas.

2. Defendant LEBUS INTERNATIONAL, INC. is incorporated in the State of Texas and may be served with process through its registered agent, Chas F. Lebus, 25 INDUSTRIAL BLVD., Longview, Texas 75605.

3. This Court has jurisdiction to hear the merits of Mr. Whitaker's claims under 28 U.S.C. §1331.

4. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Gregg County, Texas.

1

## II.

## FACTUAL BACKGROUND

5.  Plaintiff, Ronald Whitaker, was hired by Defendant LeBus International, Inc. as a Machinist in March 2004. Mr. Whitaker worked for the company until he left for a brief period in June 2017. He returned to work for LeBus in the same position in May 2019.

6.  On March 7, 2021, Mr. Whitaker spoke with Tony Norris, the supervisor of the machine shop, about trouble he was having finding medical care for his brother, and that fact that he was going to need to take a leave of absence to care for both his brother and his mother. Mr. Whitaker's brother has several serious medical conditions, and had had home health care providers come to his home to care for him. Mr. Whitaker also mentioned that his mother, who was in her 80s at the time, cared for his brother and that because of her serious medical conditions, including severe arthritis, she was unable to care for him and to do other daily tasks, and that the time off he needed was him to care for her as well. They talked about how much time Mr. Whitaker would need, and he told Mr. Norris that he would need to take 30 days of leave.

7.  Mr. Norris' response was to tell Mr. Whitaker that he "didn't know if they are going to go for that." Mr. Whitaker explained that he had no choice but to take the leave.

8.  The following day, Mr. Norris told Mr. Whitaker that he had taken Mr. Whitaker's leave request to Rex Lindsey, the Plant Manager, and that Mr. Lindsey simply said "no" to Mr. Whitaker's request. According to Mr. Norris, Mr. Lindsey asked him "how can Ron afford to take a month off?" Mr. Norris further told Mr. Whitaker that Mr. Lindsey said that if Mr. Whitaker was not able to come to work, then the company would consider him to have resigned his position. Mr. Whitaker told Mr. Norris that he was not going to quit, so Mr. Norris told Mr. Whitaker that he was being terminated.

9. Following this conversation, Mr. Whitaker left the facility. Later, when he returned to collect his tools, Mr. Whitaker spoke with Mark Graves, LeBus' Safety Coordinator. He told Mr. Graves what had happened, and Mr. Graves' response was "they can't do that."

10. Following his termination, Mr. Whitaker spent the next weeks assisting both his mother and his brother with various forms of care. For his mother, he worked on items in her house, assisted her with care for his brother, went through her legal papers with her, took her shopping, and provided psychological comfort and reassurance, which was one of the primary purposes of the leave period.

## III.

## CAUSES OF ACTION

### COUNT ONE
### Family and Medical Leave Act

11. Defendant LeBus International, Inc. violated the Family and Medical Leave Act by terminating Plaintiff rather than permitting him to take FMLA leave to care for his mother.

12. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. The FMLA also contains provisions preventing an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

13. Plaintiff availed himself of a protected right under the FMLA by requesting a leave of absence to care for his mother who had a serious medical condition, and was

subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff, and Defendant interfered with Plaintiff's right to take FMLA leave by terminating Plaintiff instead of allowing him to take it. Plaintiff's need for taking FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

## IV.

## DAMAGES

14. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

## V.

## LIQUIDATED DAMAGES

15. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VI.

## ATTORNEYS' FEES AND EXPERT FEES

16. A prevailing party may recover reasonable attorneys' and experts' fees under the FMLA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## VII.

## JURY DEMAND

17.     Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.     The Court assume jurisdiction of this cause;

2.     The Court award Plaintiff damages as specified above;

3.     The Court award Plaintiff reinstatement or, in the alternative, front pay;

4.     The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.     The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6.     The Court award Plaintiff reinstatement, or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF
